When Recorded Mail to:
FIRST AMERICAN TITLE CO.
FAMS-DTO RECORDING
3 FIRST AMERICAN WAY
SANTA ANA, CA 92707-991

Document Prepared by:
Christi Sanders
MidFirst Bank
999 N.W. Grand Boulevard, Suite 100
Oklahoma City, OK 73118-6116
1-800-552-3000



Parcel #

Tax ID#

Please cross-reference to: Instrument Number: 2014060640, Book 05575 on Page 2196,
DELAWARE  County Pennsylvania.

## LOAN MODIFICATION AGREEMENT
### FIXED RATE LOAN

This Loan Modification Agreement ("Agreement"), made by and between  **COURTNEY E
ROBINSON AKA COURTNEY ROBINSON** ("Borrower")    and MidFirst Bank, a federally
chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118
("Lender") renews, amends, supplements and extends: (1) the Mortgage, Deed of Trust, or
Security Deed ("Security Instrument") originated on 11/26/2014, recorded on 12/3/2014, in
Instrument Number: 2014060640, Book 05575 on Page 2196, in DELAWARE  County,
Pennsylvania  and (2) the Promissory Note ("Note") bearing the same date, in the original
principal amount of $83,460.00 and secured by, the Security Instrument and other loan
documents typically referred to as "addenda" or "riders" (collectively referred to herein as "Loan
Documents"), which are secured by the real and personal property described in the Security

Borrower Initial Lines

*Please add the appropriate number of initial lines for each
signatory over 4

Instrument, located at 242 ROBERTA AVE, DARBY, PA 19023-0000, the real property described being set forth as follows:

See Exhibit "A" attached hereto and made a part hereof.

Parcel # 11000245700

(Herein defined as "Property").

**Capitalized Amount: $0.00**
Being the same property conveyed to COURTNEY ROBINSON by Deed recorded 12/3/2014 and recorded in Instrument Number: 2014060639 Book 05575 on Page 2193 in DELAWARE County Pennsylvania.

Borrower is in default or at imminent risk of default under the Loan Documents and desires (i) that the Lender forbear from exercising its rights under the Loan Documents, (ii) to extend or rearrange the time and manner of payment of the Note and other obligations due to Lender under the Loan Documents, and (iii) to extend and carry forward the lien(s) on the Property, whether created by the Security Instrument or otherwise. Lender, the legal holder entitled to enforce the Note and of the lien(s) securing the same, has agreed to Borrower's request to so forbear, to extend or rearrange the time and manner of payment of the Note, and to grant certain other financial accommodations pursuant to the terms of this Agreement.

In consideration of the mutual promises and agreements exchanged, and other good and valuable consideration paid by each of the parties to the other, the receipt and sufficiency of which is hereby acknowledged, the parties mutually agree to modify, renew and extend the Note and Security Instrument and any other Loan Documents, as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

### 1. Acknowledgement of Unpaid Balance:

Borrower acknowledges that as of the date of the first payment due under this Agreement, Borrower owes Lender the unpaid balance of **$78,511.88 ("Unpaid Balance")**, in addition to the other fees, charges and expenses described in the section of the Agreement entitled "Acknowledgement of Unpaid Fees and Costs." The Unpaid Balance includes unpaid principal of $72,087.56, unpaid interest of $1,629.46, escrows advanced of $5,818.38, and certain unpaid fees of $0.00, less $1,023.52 in suspense funds.

Borrower acknowledges that **$6,788.66** of the Unpaid Balance shall be paid by a new loan, extended to Borrower by Department of Housing and Urban Development ("HUD") according to the terms of HUD Partial Claim loan ("Partial Claim Loan") that is memorialized in a Partial Claim Promissory Note and Subordinate Mortgage/Deed of Trust between Borrower and HUD ("HUD Partial Claim Documents"). Borrower shall not be required to make monthly payments to HUD on the Partial Claim Loan but, rather, shall repay that amount to HUD according to the terms of the HUD Partial Claim Documents.

Borrower Initial Lines

*Please add the appropriate number of initial lines for each signatory over 4

After removal of the Partial Claim Loan amount from the Unpaid Balance, the amount owed by Borrower to Lender under the terms of this Agreement is **$71,723.22** ("Modified Principal Balance"). Borrower hereby renews, extends and promises to pay the Modified Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Modified Principal Balance until the full amount of the Modified Principal Balance and the other amounts due hereunder and under the Loan Documents have been paid in accordance with the terms and conditions of the Loan Documents, as modified by this Agreement. All references in the Loan Documents to "Principal" shall be deemed to refer to the Modified Principal Balance.

## 2. **Acknowledgement of Unpaid Fees and Costs**:

Borrower agrees to remain responsible for payment of allowable costs and fees now due and owing ("Unpaid Fees and Costs") plus other allowable late charges, costs, fees and expenses incurred after this Agreement becomes effective (the total sum of which is referred to as "Fees and Costs"). Borrower agrees and acknowledges that Borrower received notice of Unpaid Fees and Costs due as of a date certain prior to execution of this Agreement.

Lender has agreed to postpone the collection of any outstanding Fees and Costs that are not paid in advance or that are not included in the Modified Principal Balance. Fees and Costs not included in the Modified Principal Balance remain due and owing as part of the debt secured by the Loan Documents to the extent provided in the Loan Documents and as otherwise permissible under applicable law. The outstanding Fees and Costs remain due and payable to Lender and shall be paid by Borrower, with interest, as permitted by the Loan Documents. Furthermore, outstanding Fees and Costs shall be payable to Lender on demand of Lender and shall be secured by the Security Instrument to the extent provided in the Security Instrument and otherwise permissible under applicable laws and requirements.

## 3. **Interest Calculation**:

Interest will be calculated at a fixed yearly interest rate of **3.875%**.

## 4. **Payment Amounts, Time of Payments and Maturity Date:**

a. Borrower acknowledges and agrees that Borrower shall, beginning on **5/1/2022**, through the Maturity Date, make monthly payments of U.S. **$337.27** for principal and interest and shall continue to make such payments in accordance with the terms and conditions set forth in the Loan Documents until the Modified Principal Balance is paid in full.

b. An escrow account has been established under the terms and conditions of the Loan Documents. Borrower will make an escrow payment each month on each payment due date. The escrow payment currently is **$649.78** per month, which is subject to change depending on the amounts attributable to taxes, insurance and other escrow items. **The present combined monthly payment and escrow payment will be**

Borrower Initial Lines

*Please add the appropriate number of initial lines for each
signatory over 4

**$987.05**. The escrow payment will be re-analyzed from time to time in accordance with the terms of the Loan Documents to determine the appropriate escrow payment amount so that taxes, insurance, and other escrow items may be paid appropriately. The escrow payment amount will be combined with the monthly principal and interest payment amount.

c. The Maturity Date of the Loan is extended to **4/1/2052**. If Borrower still owes amounts to Lender on the Maturity Date, Borrower will pay these amounts in full on the Maturity Date.

## 5. **Acknowledgment of Pre-Existing Conditions to Loan Modification:**
The Borrower acknowledges and agrees this Agreement is subject to the following conditions, which must exist at the time this Agreement is executed:

a. All payments set forth in the Payment Schedule under the Loan Modification Trial Plan Agreement must have been made according to the Payment Schedule;
b. The Property has no physical conditions that will adversely affect the Borrower's continued use of the Property or interfere with the Borrower's ability to make payments as required under this Agreement; and
c. The Borrower (one or more) is occupying the Property as the Borrower's primary residence, unless occupancy by a Borrower is expressly not required by applicable Investor or Insurer guidance and program requirements; and
d. The Lender remains in the first lien position and there are no outstanding liens and/or judgments against the Property; and
e. If applicable, Bankruptcy Court approval; and
f. If applicable, all requirements for an assumption of the loan are satisfied and Lender has approved the assumption.

The Borrower acknowledges and agrees that in the event the conditions set forth in this paragraph are not satisfied, this Agreement shall become null and void unless otherwise expressly agreed by Lender in writing. In the event this Agreement becomes null and void as set forth in this paragraph, Borrower acknowledges and agrees all provisions of the Loan Documents shall continue in full force and effect and Lender shall be under no obligation to modify any provision of the Loan Documents under this Agreement.

## 6. **Place of Payment**:

Borrower agrees to make payments at the following address or such other place as the Lender may require upon written notice to Borrower:

Midland Mortgage - A Division of MidFirst Bank
Attn: Cashiers
P.O. Box 268888
Oklahoma City, OK 73126-8888

Borrower Initial Lines

*Please add the appropriate number of initial lines for each
signatory over 4

## 7. **Adjustable Rate Loan Provisions in Note:**

If the interest rate in the Interest Calculation section of this Agreement is calculated as provided in the Note, any rate and payment adjustment provisions in the Note will apply. If the interest rate in the Interest Calculation section of this Agreement is fixed, any rate and payment adjustment provisions in the Note will not apply.

## 8. **Sale or Transfer of Property by Borrower:**

a. If all or any part of the Property or any interest in it is sold or transferred (or, if Borrower is not a natural person, any beneficial interest in Borrower is sold or transferred) without the Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.

b. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of the designated period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

## 9. **Compliance with Loan Documents:**

Borrower represents that, except for the payments described in this Agreement, Borrower is in full compliance with the covenants in the Loan Documents and that all of the representations and warranties contained in the Loan Documents are true, correct or satisfied as of the effective date of this Agreement.

## 10. **Renewal and Extension:**

It is the intention of the parties that all liens and security interests described in the Loan Documents are hereby renewed and extended until the Modified Principal Balance and other obligations to Lender, have been fully paid. Borrower and Lender acknowledge and agree that the extension, amendment, modification or rearrangement effected by this Agreement shall in no manner affect or impair the Note or the liens and security interests securing the Note. The parties mutually agree that the purposes of this Agreement is to extend, modify, amend or rearrange the time and manner of payment of the Loan Documents and the indebtedness evidenced thereby, and to carry forward all liens and security interests (including, if applicable, any and all vendor's liens), which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect to fully secure the payment of the Note.

## 11. **No Waiver of Lender's Rights Regarding Default:**

All the rights, remedies, stipulations, and conditions contained in the Loan Documents relating to default in the making of payments under the Loan Documents also shall apply to default in the making of the modified payments hereunder. Nothing contained herein

Borrower Initial Lines

*Please add the appropriate number of initial lines for each
signatory over 4

shall be deemed to be a waiver by Lender of any terms or conditions of the Loan Documents as modified by this Agreement. This Agreement shall in no way be deemed to be a waiver of Lender's rights and remedies by reason of any default by Borrower under the Loan Documents as herein modified, including without limitation future payment defaults. Nothing in this Agreement shall constitute an agreement by Lender to any future modification of the Loan Documents and Lender expressly reserves the right to refuse to agree to any future modifications.

## 12. Bankruptcy:

If, since inception of this loan through date of this Agreement, Borrower has received a discharge in a Chapter 7 bankruptcy and there has been no valid reaffirmation of the underlying debt, the Lender is not attempting to re-establish any personal liability for the underlying debt by entering into this Agreement. The parties acknowledge that Lender retains certain rights, including but not limited to, the right to foreclose its interest in the property under appropriate circumstances. The parties agree that the consideration for this Agreement is the Lender's forbearance from presently exercising its right and pursuing its remedies under the Security Instrument as a result of Borrower's default. The parties agree that if approval of this Agreement by the Bankruptcy Court is required and not received, this Agreement shall be null and void and of no further force or effect.

## 13. Loan Documents Remain In Full Force and Effect:

The provisions of the Loan Documents, as amended by this Agreement, shall continue in full force and effect, and Borrower acknowledges and reaffirms Borrower's liability to Lender under the Loan Documents, subject to the terms of the Bankruptcy section of this Agreement. In the event of any inconsistency between this Agreement and the terms of the Loan Documents, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a novation, satisfaction or release, in whole or in part, of the Loan Documents. Except as otherwise specifically provided in this Agreement, the Loan Documents remain unchanged, and Borrower and Lender are bound and must comply with all of the terms and provisions of the Loan Documents, except as amended by this Agreement.

## 14. Execution of Additional Documentation:

Borrower agrees to make and execute other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement, which if approved and accepted by Lender, shall be incorporated into this Agreement and shall bind and inure to Borrower's heirs, executors, administrators, and assigns.

## 15. Miscellaneous:

a. Lender does not, by execution of this Agreement, waive any rights it may have against any person not a party to the Agreement.

Borrower Initial Lines

*Please add the appropriate number of initial lines for each
signatory over 4

b. If any court of competent jurisdiction shall declare any provision of this Agreement to be invalid, to any extent, the remainder of the Agreement shall not be affected thereby and shall continue in full force and effect to bind the parties.

c. This Agreement may be executed simultaneously in any number of counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same Agreement.

d. This Agreement shall be governed by the laws of the state where the Property is located.

## 16. Effective Date:

This Agreement is effective upon the execution of this Agreement by Lender and Borrower.

**IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS LOAN MODIFICATION AGREEMENT, TOGETHER WITH THE LOAN DOCUMENTS AND ANY EXHIBITS AND SCHEDULES THERETO, REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND CONTROL OVER ALL PRIOR NEGOTIATIONS, AGREEMENTS AND UNDERTAKINGS BETWEEN THE PARTIES WITH RESPECT TO SUCH MATTER. ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN AGREEMENT MAY BE LEGALLY ENFORCED. THIS LOAN MODIFICATION AGREEMENT MAY BE AMENDED OR CHANGED ONLY BY A WRITTEN INSTRUMENT EXECUTED BY THE PARTIES OR THEIR AUTHORIZED ASSIGNEES.**

Borrower Initial Lines

*Please add the appropriate number of initial lines for each signatory over 4

BORROWER

COURTNEY E ROBINSON AKA
COURTNEY ROBINSON


Acknowledgement

STATE OF Pennsylvania

)
) SS:
)

COUNTY OF **DELAWARE**

On the  4  day of  April , 20 22, before me, the undersigned, a notary public in and
for said state, personally appeared **COURTNEY E ROBINSON AKA COURTNEY ROBINSON**,
personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s)
whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument,
the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

In witness whereof, I hereunto set my hand and official seal.

Notary Public

Clarissa T. Lee
Printed name of notary

County of Residence: Delaware

Commission Number: 1360808

My Commission Expires: 01/09/2024

Commonwealth of Pennsylvania - Notary Seal
Clarissa T. Lee, Notary Public
Philadelphia County
My commission expires January 9, 2024
Commission number 1360808
Member, Pennsylvania Association of Notaries

Page 8 of the Loan Modification Agreement
Order Number:

LENDER

**MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118**

_____

Vice President, **MidFirst Bank**

_____

Printed Name

Acknowledgement

STATE OF OKLAHOMA          )
                           ) SS:
COUNTY OF OKLAHOMA         )

On the _____ day of _____, 20___, before me, the undersigned, a notary public in and for said state, personally appeared _____, who acknowledged himself/herself/themselves to be a Vice President of MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118, and who is personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity as Vice President of MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118, and that by his/her/their signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

In witness whereof, I hereunto set my hand and official seal.

_____          County of Residence: _____

Notary Public

_____          My Commission Expires:_____

Printed Name of Notary

Page 9 of the Loan Modification Agreement
Order Number:

### Exhibit "A"

ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND
IMPROVEMENTS THEREON ERECTED, SITUATE ON THE SOUTHWESTERLY SIDE OF
ROBERTA AVENUE AT THE DISTANCE OF 407 FEET NORTHWESTWARDLY FROM THE
NORTHWESTERLY SIDE OF MACDADE BOULEVARD FORMERLY PARKER AVENUE IN
THE BOROUGH OF COLLINGDALE, COUNTY OF DELAWARE AND STATE OF
PENNSYLVANIA.
CONTAINING IN FRONT ON BREADTH ON THE SAID ROBERTA AVENUE 21 FEET AND
EXTENDING OF THAT WIDTH IN LENGTH OR DEPTH SOUTHWESTWARDLY BETWEEN
PARALLEL LINES AT RIGHT ANGLES TO SAID ROBERTA  AVENUE 109 FEET TO A
CERTAIN 15 FEET WIDE ALLEY LEADING NORTHWESTWARDLY INTO ANDREWS
AVENUE.

**Parcel #**

**Tax ID#**



## /// MIDLAND MORTGAGE

A division of MidFirst Bank

### CERTIFICATE OF RESIDENCE

**MORTGAGE MODIFICATION AGREEMENT**
**TITLE OF DOCUMENT**

BETWEEN:

**COURTNEY E ROBINSON AKA COURTNEY ROBINSON**
*(ASSIGNOR/MORTGAGOR/GRANTOR)*

**AND**

**MIDFIRST BANK**
*(ASSIGNEE/MORTGAGEE/GRANTEE)*

*The precise address of the within ASSIGNOR/MORTGAGOR/GRANTOR is:*

**242 ROBERTA AVE DARBY, PA 19023-0000**

BORROWER

(SEAL)  4. 4. 22
COURTNEY E ROBINSON AKA          DATE
COURTNEY ROBINSON

Loan ID: ▮▮▮▮



**/// MIDLAND MORTGAGE**

*A division of MidFirst Bank*

## CERTIFICATION OF CONDITION

Loan Number:

Property Address:   242 ROBERTA AVE
DARBY, PA  19023-0000

By signing this, I (we) certify that the property located at the address identified above, which is the subject of the loan referenced above, has no physical conditions that will adversely affect the continued use of the property or interfere with my (our) ability to maintain the monthly mortgage payments.

BORROWER

_____ (SEAL)   _____
COURTNEY E ROBINSON AKA              DATE
COURTNEY ROBINSON

Loan ID:



**/// MIDLAND MORTGAGE**

*A division of MidFirst Bank*

March 16, 2022

COURTNEY E ROBINSON AKA
COURTNEY ROBINSON
242 ROBERTA AVE
DARBY, PA 19023-0000

### ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of Lender, as that term is defined in the Loan Modification Agreement, agreeing to modify the referenced loan ("Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to service the loan according to the terms of any servicing agreement, or otherwise sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs any municipal bond authority, or any other investor.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period.

BORROWER

*Courtney E Robinson* (SEAL)  $4.4.22$

COURTNEY E ROBINSON AKA                    DATE
COURTNEY ROBINSON

Loan ID:

When Recorded Mail to:
FIRST AMERICAN TITLE CO.
FAMS-DTO RECORDING
3 FIRST AMERICAN WAY
SANTA ANA, CA 92707-991

Document Prepared by:
Christi Sanders
Midland Mortgage - A Division of MidFirst Bank
999 N.W. Grand Boulevard, Suite 100
Oklahoma City, OK 73118-6116
1-800-552-3000

FHA Case Number:

## SUBORDINATE MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on **March 16, 2022**. The mortgagors are   **COURTNEY E ROBINSON AKA COURTNEY ROBINSON** whose address is **242 ROBERTA AVE DARBY, PA 19023-0000** ("Borrower"). This Security Instrument is given to the **Secretary of Housing and Urban Development** whose address is **451 Seventh Street, SW, Washington, DC 20410** ("Lender"). Borrower owes Lender the principal sum of **six-thousand-seven-hundred-eighty-eight dollars and sixty-six cents (US $6,788.66)**. This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **4/1/2052**. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums advanced to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this

Page 1 of the Subordinate Mortgage

Borrower Initial Lines



\* Please add the appropriate number of initial lines for each signatory
over 4

purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in **DELAWARE** County, Pennsylvania:

**See Exhibit "A" attached hereto and made a part hereof.**

Being the same property conveyed to COURTNEY ROBINSON by Deed recorded 12/3/2014 and recorded    in Instrument Number: 2014060639  in Book 05575   on Page 2193 in DELAWARE  County, Pennsylvania.

**Tax ID #**

which has the address of: **242 ROBERTA AVE  DARBY, PA  19023-0000**("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property".

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal.**

   Borrower shall pay when due the principal of the debt evidenced by the Note.

2. **Borrower Not Released; Forbearance By Lender Not a Waiver.**

   Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in

Page 2 of the Subordinate Mortgage

Borrower Initial Lines

\* Please add the appropriate number of initial lines for each signatory
over 4

exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

### 3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.

The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the note without that Borrower's consent.

### 4. Notices.

Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Notice to any one Borrower shall serve as notice to all Borrowers unless state law expressly prohibits same. Any notice to Lender shall be given by first class mail to: **Department of Housing and Urban Development, Attn: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates** by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

### 5. Governing Law; Severability.

This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end, the provisions of the Security Instrument and the Note are declared to be severable.

### 6. Borrower's Copy.

Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

### 7. Acceleration; Remedies.

Page 3 of the Subordinate Mortgage

Borrower Initial Lines

\* Please add the appropriate number of initial lines for each signatory
over 4

Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by the Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default if not cured as specified, Lender at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by applicable law.

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under the Paragraph 7 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 USC 3751 et seq) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to Lender under this paragraph or applicable law.**

8. **Release.**

   Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law.

9. **Waivers.**

   Borrower, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Security Instrument and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

10. **Reinstatement Period.**

    Borrower's time to reinstate shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

Page 4 of the Subordinate Mortgage

Borrower Initial Lines

* Please add the appropriate number of initial lines for each signatory
over 4

**11. Purchase Money Mortgage.**

If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**12. Interest Rate After Judgment.**

Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

Page 5 of the Subordinate Mortgage

Borrower Initial Lines

\* Please add the appropriate number of initial lines for each signatory
over 4

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it. IN WITNESS WHEREOF, Borrower has executed this Security Instrument.

BORROWER

COURTNEY E ROBINSON AKA
COURTNEY ROBINSON

Acknowledgement

STATE OF Pennsylvania                )
                                     ) SS:
COUNTY OF **DELAWARE**                )

On the __4__ day of __April__, 20__22__, before me, the undersigned, a notary public in and for said state, personally appeared **COURTNEY E ROBINSON AKA COURTNEY ROBINSON**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

In witness whereof, I hereunto set my hand and official seal.

Notary Public

Printed name of notary

County of Residence: __Delaware__

Commission Number: __1360808__

My Commission Expires: __01/09/2024__

Commonwealth of Pennsylvania - Notary Seal
Clarissa T. Lee, Notary Public
Philadelphia County
My commission expires January 9, 2024
Commission number 1360808
Member, Pennsylvania Association of Notaries

Page 6 of the Subordinate Mortgage

**Exhibit "A"**

ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND
IMPROVEMENTS THEREON ERECTED, SITUATE ON THE SOUTHWESTERLY SIDE OF
ROBERTA AVENUE AT THE DISTANCE OF 407 FEET NORTHWESTWARDLY FROM THE
NORTHWESTERLY SIDE OF MACDADE BOULEVARD FORMERLY PARKER AVENUE IN
THE BOROUGH OF COLLINGDALE, COUNTY OF DELAWARE AND STATE OF
PENNSYLVANIA.
CONTAINING IN FRONT ON BREADTH ON THE SAID ROBERTA AVENUE 21 FEET AND
EXTENDING OF THAT WIDTH IN LENGTH OR DEPTH SOUTHWESTWARDLY BETWEEN
PARALLEL LINES AT RIGHT ANGLES TO SAID ROBERTA AVENUE 109 FEET TO A
CERTAIN 15 FEET WIDE ALLEY LEADING NORTHWESTWARDLY INTO ANDREWS
AVENUE.

**Parcel #**

**Tax ID#**

Page 7 of the Subordinate Mortgage

FHA Case Number:

**PROMISSORY NOTE**

Date:                    March 16, 2022
Property Address:        242 ROBERTA AVE
                         DARBY, PA  19023-0000

## 1. Parties

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

## 2. Borrower's Promise to Pay

In return for a loan received from Lender, Borrower promises to pay the principal sum of **six-thousand-seven-hundred-eighty-eight dollars and sixty-six cents** (US **$6,788.66**) to the order of the Lender.

## 3. Promise to Pay Secured

Borrower's promise to pay is secured by a mortgage, deed of trust, or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. Manner of Payment

A. Time -

On **4/1/2052** or, if earlier, when the first of the following events occurs:

- i.      Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or
- ii.     The maturity date of the primary Note has been accelerated, or
- iii.    Borrower has transferred title to the Property by sale, or
- iv.     The primary Note and related mortgage, deed of trust, or similar Security Instrument are no longer insured by the Secretary.

B. Place -

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, ISN Corporation - Western

Operations Center Attention: Secretary-Held Loan Servicing 2000 N Classen Blvd Suite #3200 Oklahoma City, OK 73016 or any such other place as Lender may designate in writing by notice to Borrower.

C. Default -

If Borrower does not pay the amount due as set forth in this paragraph, Borrower will be in default. If Borrower is in default, the Lender may require immediate payment of the full amount due which has not been paid without any further notice.

D. No Waiver by Lender -

Even if, at a time when Borrower is in default, Lender does not require immediate payment in full, Lender will still have the right to do so if Borrower is in default at a later time.

E. Payment of Lenders Costs and Expenses -

If Lender has required Borrower to pay immediately in full, Lender will have the right to require Borrower to pay Lender for all costs and expenses in enforcing this Note to extent not prohibited by applicable law. Such expenses include but are not limited to, reasonable attorney fees.

## 5. Borrower's Right to Prepay

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. Waivers

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of the amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7. Obligations of Persons Under This Note

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower(s) accepts and agrees to the terms and covenants contained in this Note.

BORROWER

_Courtney E Robinson_ (SEAL)   $4.4.22$
                                         DATE
COURTNEY E ROBINSON AKA
COURTNEY ROBINSON

Page 3 of the Subordinate Note



**MIDLAND MORTGAGE**

*A division of MidFirst Bank*

**Certificate of Residence**

I, _____, do hereby certify that the correct address of the within-named mortgagee is **451 Seventh Street, SW, Washington, DC  20410.**

Witness my hand this _____ day of _____, 20____.

_____
Agent of Mortgagee

Loan ID: ▮▮▮▮



*A division of MidFirst Bank*

## **CERTIFICATION OF CONDITION**

Loan Number:

Property Address:   242 ROBERTA AVE
DARBY, PA  19023-0000

By signing this, I (we) certify that the property located at the address identified above, which is the subject of the loan referenced above, has no physical conditions that will adversely affect the continued use of the property or interfere with my (our) ability to maintain the monthly mortgage payments.

BORROWER

_____ (SEAL)   $4 \cdot 4 \cdot 2$

COURTNEY E ROBINSON AKA          DATE
COURTNEY ROBINSON

Loan ID:



**MIDLAND MORTGAGE**

*A division of MidFirst Bank*

March 16, 2022

COURTNEY E ROBINSON AKA
COURTNEY ROBINSON
242 ROBERTA AVE
DARBY, PA  19023-0000

### ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In connection with an agreement between Borrower and the Department of Housing and Urban Development ("HUD"), evidenced by a Subordinate Note and Subordinate Mortgage or Subordinate Deed of Trust ("Partial Claim"), Borrower agrees that if requested by HUD or HUD's authorized agent or representative, or the servicer of the Loan (collectively referred to as "Lender"), the Borrower will correct, or cooperate in the correction of any clerical errors made in any document or agreement entered into in connection with the Partial Claim and/or execute new or additional documents, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to secure its interest created by the Partial Claim in the real property securing the Loan or to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period.

The Borrower makes this agreement in order to assure the documents and agreements executed in connection with the Partial Claim will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender and to secure Lender's interest created by the Partial Claim in the real property securing the Loan.

BORROWER

_Courtney E Khan_ (SEAL)    _4 · 4 · 22_

COURTNEY E ROBINSON AKA                    DATE
COURTNEY ROBINSON

Loan ID:

# Mortgage Assistance Plan Evaluation Notice

| Mortgagor | COURTNEY E ROBINSON AKA<br>COURTNEY ROBINSON | Loan | |
|---|---|---|---|
| Co-Mortgagor | | | |
| Mailing<br>Address | 242 ROBERTA AVE<br>DARBY, PA 19023-0000 | Property Address | 242 ROBERTA AVE<br>DARBY, PA 19023-0000 |

## Congratulations on your plan approval!

You've completed the mortgage assistance application process and are approved for the following plan. To accept the assistance plan offered, please follow the instructions included with your enclosed plan documents.

| Assistance Plan Type | Explanation |
|---|---|
| COVID-19 Recovery<br>Modification (Full PC) | You qualified for this mortgage assistance program. |

### Other plans for which you were evaluated

There were several other plans for which you did not qualify. Below is the list of mortgage assistance plans for which your application was evaluated, and the reason why you did not qualify for each plan. Each determination was based upon your individual circumstances and the investor and insurer guidelines that govern your loan.

| Assistance Plan Type | Explanation |
|---|---|
| COVID-19 ALM<br>(Advance Loan<br>Modification) | Payment reduction requirements not met. We are unable to offer you this plan because it would not result in a reduction of the Principal and Interest portion of your payment. |
| COVID-19 Recovery<br>Standalone Partial<br>Claim | Partial Claim Available insufficient to cure arrearages. We are unable to offer you this plan because the Partial Claim limit available to you under the HAMP guidelines is insufficient to cure the delinquency on your account. |
| COVID-19 Recovery<br>Modification (Arrears<br>Only) | Payment reduction requirements not met. We are unable to offer you this plan because it would not result in a reduction of the Principal and Interest portion of your payment. |
| COVID-19 Recovery<br>Modification | Investor/Insurer Hierarchy. You do not qualify for this assistance plan because you qualify for a plan that precedes it in the hierarchy established by your investor or insurer. |
| COVID-19 Recovery<br>Non-Occupant Loan<br>Mod | Investor/Insurer Hierarchy. You do not qualify for this assistance plan because you qualify for a plan that precedes it in the hierarchy established by your investor or insurer. |

### Appealing a plan decision

You have 14 days from the date of this letter to request an appeal of your mortgage assistance plan decision. To appeal your plan decision, please use the contact information provided below to mail, fax, or email an explanation of why you believe you may qualify for a different plan and the necessary documentation to support your appeal. Once your appeal is received, we will evaluate it and make a determination no later than 30 days from the date of your appeal, and the deadline to accept our offer will be extended until the appeal has been resolved. During the appeal process, any unpaid interest or other unpaid amounts will continue to accrue.

| Fax | Email | Mail |
|---|---|---|
| 1-405-767-5815 | mac@midfirst.com | Midland Mortgage - A Division of<br>MidFirst Bank<br>Attn: MAC<br>P.O. Box 268806<br>Oklahoma City, OK 73126-8806 |

### Call us with questions

Call us at 1-800-552-3000 if you have any questions or would like to check the status of your account. We can assist you Monday to Friday 8 a.m. to 7 p.m. or Saturday 9 a.m. to 1 p.m. Central time.

### Escalations

If you believe your application for mortgage assistance has been denied due to an improper analysis of your information or in violation of HUD Loss Mitigation policies, you may submit a request in writing using the following methods below:

You can contact us by **fax** 1-405-767-5815 or **email** mac@midfirst.com or by **mail** at Midland Mortgage, P.O. Box 268806, Oklahoma City, OK 73126-8806.

Notice: If you fail to comply with the terms included with your plan documents and do not make other arrangements, your loan will be enforced according to its original terms, which could include foreclosure. Additionally, your loan could be included in a Single Family Loan Sale Program administered by the Federal Housing Administration (FHA).